Mr. Justice Cox
delivered the opinion of the court.
This was an action by the plaintiff, an infant of tender years, by his father, as next friend, to recover damages for an injury suffered by being thrown down and run over by a car of the Metropolitan railroad line. At the trial, after the testimony for the plaintiff was closed, counsel for the defence asked the court to instruct the jury to render a verdict for the defendant, on the ground that the evidence did not make out a prima, facie case of negligence on the part of the defendant company. The instruction was refused, and that is the subject of the first exception. In the course of the trial several other exceptions were taken, one or two to the admission or exclusion of evidence; one to the rejection of a prayer for instructions by defendant; one to the granting of a prayer by the plaintiff' for instructions ; and, finally, one to the charge ; but the only one on which stress was laid in the argument was the first, and that brought before the court simply the question whether the evidence introduced into the case was sufficient to make out a prima facie case to go to the jury, and whether the court ought not to have told the jury that there was not sufficient *445 evidence upon which to find a verdict for the plaintiff. It should be remarked here that, even if the evidence for the plaintiff is, of itself, insufficient to make out a prima facie case, yet if any defect in it is supplied by the evidence offered after-wards by the defendant, the plaintiff is entitled to the benefit of that, and the error of the court, if there was error, in refusing an instruction such as was asked in this case, would thus be cured by the defendant’s own act. Therefore, the question can be considered fairly only in the light of all the evidence introduced into the case, and it must appear that the whole of the evidence offered by both sides did not present sufficient facts to make a prima facie case to go to the jury, before the decision of the court can be reversed for the refusal to give the instruction prayed. Now, in this case, the evidence on the part of the plaintiff was in substance that on the occasion in question a car, numbered 50, belonging to this defendant, had just turned from Missouri avenue into Four-and-a-half street, to go down towards the Arsenal, and, about halfway down that square, met, coming up, car number 15 ; that the plaintiff, a child about seven years of age, undertook to cross the track, and did cross, before car No. 50, but, through some accident, struck against the horses of car No. 15, which was coming up, and by that contact or collision with those horses, was thrown between the horse drawing car No. 50 and the front axle of the car ; that that wheel passed over his legs, and that the driver arrested the car barely in time to prevent the hind wheels also from going over him. The testimony tended clearly to show that car No. 15, which was running north, was going at a very rapid speed, in order to make up lost time, and that car No. 50 was going slowly, but that the driver was not looking ahead but was conversing with some one in the car, and, consequently, that his face was turned around towai’d the car. It further appears that as soon as the boy fell and the car ran over him, the driver of car No. 15 exclaimed to the other one: “ That’s what you get by not looking out.”
Perhaps the only facts material to the case contributed by the evidence for the defence (of which facts the plaintiff is *446 entitled to avail himself) are, that this place had been a sort of a play-ground for boys ; that they had been in the habit of jumping on and off the cars, and that on this occasion the two drivers both saw the boys playing in the street. One of the drivers says he saw the boys, but did not know whether they were playing or not.
Now, it is argued on the part of the plaintiff', that the driver of car No. 60 was negligent in not keeping a proper-lookout. Further, a witness for the plaintiff testifies that he gave the alarm as soon as he saw the boy fall, and attracted the attention of the driver to the boy, so that the driver at once checked the car and prevented the hind wheels from running over him ; from which it is argued'that if the driver had been keeping a proper lookout he would have seen the boy in time to prevent even the fore-wheel from running-over him. It is claimed also that the driver of car No. 16, coming up, was negligent in travelling at an unusual speed, at a point where he would meet another car, and where there was more than ordinary danger because of the presence of, these boys playing, he having full knowledge that they were in the habit of playing there, and that children were present there on this particular occasion. The question is, whether these facts constitute sufficient evidence of negligence on the part of the defendant to go to the jury. Two cases somewhat analagous to this one have been cited. One of them is that of Railroad Company vs. Gladmon, 14 Wall., 401. A car was running along Bridge street, while some boys were playing there, and one of them suddenly undertook to cross, and was thrown down and had his knee-pan torn off by the wheel. One witness, Mr. Hill, testified that the driver was not looking forward, but was conversing with some one alongside of him, and that if he had been keeping a proper lookout he could have checked the car in time. It did not seem to have occurred to the court in that case, any more than in this, that there was not sufficient evidence to make out a prima facie case. The case went to the jury, and they rendered a .verdict for $9,000. I forget whether it was attempted to have the verdict set aside on the ground of insufficient evidence. At all events it was not done.
*447 Another case cited was that of R. R. Co. vs. Stout, 17 Wall., 657. In that case it appeared that the railroad company which was sued (the Sioux City & Pacific Railroad Co.), owned a turn-table which was situated on its own premises entirely, but was unenclosed, and adjacent to two public roads. A little child wandered away from its home, three quarters of a mile distant, strayed into this place, got to playing on the turn-table, and had his foot crushed. The company -was sued and certain instructions were asked, but the question really presented was whether there was sufficient evidence from which the jury could infer negligence on the part of the defendant. It appeared from the evidence that children had been in the habit of playing there, and had been several times warned oif by the railroad émployees. The court said that the mere fact that children had, played there before was sufficient to give notice to the company that there was danger of their coming there again, and the fact that an injury did actually happen there was sufficient evidence to go to the jury that the condition of the turn-table was dangerous ; that these facts constituted notice to the company that the place was dangerous, and that there was a possibility of children being injured there, and that this, with the fact that the child in question was injured, was enough to make a case to go to the jury. The court says : “ That the turn-table was a dangerous machine, w'hich would be likely to cause injury to children who resorted to it, might fairly be inferred from the injury which actually occurred to the plaintiff. There was the same liability to injury to him, and no greater, that existed with reference to all children. When the jury learned from the evidence that he had suffered a serious injury by his foot being caught between' the fixed rail of the road-bed and the turning rail of the table, they were justified in believing that there was a probability of the occurrence of such accidents. So, in looking at the remoteness of the machine from inhabited dwellings, when it was proved to the jury that several boys from the hamlet were at play there on this occasion, and that they had been at play upon the turn-table on other occasions) within the observa *448 tion and to the knowledge of the employees of the defendant, the jury were justified in believing that children would probably resort to it,' and that the defendant should have anticipated that such would be the case.”
It may be said in this case, by parity of reasoning, that the fact that children had been in the habit of playing at this identical spot, was a warning to the agents of this defendant, that children ■ might on other occasions be found playing there, as they were on the occasion in question, and that the fact that an injury did happen from the meeting of two cars at that point was sufficient evidence that every occasion of the meeting of cars at this point where children were in the habit of playing, was an occasion of danger. In the case of the Railroad Co. vs. Stout, the court says : “ The evidence is not strong, and the negligence is slight; but we are not able to say that there is not evidence sufficient to justify the verdict. We are not called upon to weigh, to measure, to balance the evidence, or to ascertain how we should have decided if acting as jurors.” We think we must entertain the same view in reference to this case. Though i the evidence of negligence may be slight, and though it might have affected us differently from the way in which it ! affected the jury, we cannot feel at liberty to say that there j| was not sufficient evidence to go to the jury. If this had been the case of an adult we should have little difficulty in holding that there was sufficient contributory negligence on his part to defeat a recovery; but we cannot say so in regard to a minor child of tender years. There is hardly any set of circumstances which a court can say, as matter of law, amount to contributory negligence on the part of such a plaintiff' as that. It is always finally, a question of fact whether the capacity of the child is such that he can be charged with contributory negligence, and as a question of fact, it must necessarily be submitted to the jury for determination.
There was no argument addressed to the court upon the other exceptions, and it is hardly necessary to discuss them at any length; but one or two of them will be briefly noticed. There were three prayers asked on the part of the *449 plaintiff, none of which seem to ns to be objectionable. The counsel for the defence, apparently as a matter of precaution, excepted generally to the granting of those prayers. The exception itself is not exactly regular, because it does not except specially to the granting of each prayer. However, I do not think it is necessary to notice those further.
The defendant asked four instructions, one of which was refused. The one refused was as follows :
“ If the jury find from the testimony that, at the time of the accident described in the declaration, the plaintiff was a child seven years of age, and was allowed by his father, who sues as the next friend of said child, to play in the street in which the defendant’s tracks are situated, and the said child ran in the w’ay of car No. 50 in a manner which amounted to negligence, and in consequence thereof received the injury ■complained of, and that the driver, as soon as he perceived said child, endeavored to stop said car, but was unable to do ■so in time, and was not negligent in the management of said •car, the plaintiff' is not entitled to recover.”
That embodies two propositions. The first is that if the parent of the child was negligent, that negligence is to be ■charged to the plaintiff, and that that, with other facts, is to be considered by the jury as a defence. Now we do not understand the law to be so. If a parent sues for the loss of services, contributory negligence on the part of the parent is a complete defence; but if the child sues, by the parent or any other next friend, it is no defence.
The next proposition is decidedly faulty. It puts the question of the child’s negligence to the jury, and states that the child’s negligence is to be estimated without reference to his capacity. The Supreme Court held in the Grladmon case that the jury must be instructed that the negligence imputable to a child must be estimated with reference to his tender years ; that “ the caution required is according to the maturity and capacity of the child, and this is to be determined in each case by the circumstances of that case.” This part of the instruction, omitting that qualification, is therefore faulty, under the ruling of the Supreme Court.
*450 There was a charge'by the court, which occupies some four-pages of the record, and the counsel for the defence except generally to it in every part. This is faulty in form ; because, while there is a portion of the charge that was objected to, there are other portions wholly unobjectionable, and a general exception which does not segregate the objectionable part is faulty in form. But we may say that even the part complained of is correct.
On these grounds, the motion for a new trial on the exceptions will have to be overruled.